LeBLANC, Judge.
The issue in this appeal is whether appel-lee, Ramon Nolan, a former director of Champion Insurance Company, was entitled to indemnification for attorney’s fees incurred in defending himself in several matters arising out of the liquidation of Champion.
Pursuant to a rule nisi filed by Mr. Nolan, the trial court rendered judgment in his favor and against Champion in liquidation, ordering reimbursement to Mr. Nolan in the amount of $9,610.00. Champion, through Frederick S. Ellis, Liquidator Ad Hoc, has appealed this judgment, alleging there was no basis for allowing indemnification of Mr. Nolan’s attorney’s fees.
Although the trial court did not give reasons for judgment, it apparently based its decision on La.R.S. 12:83, since we are unaware of any other statute which might authorize such reimbursement. La.R.S. 12:83 provides, in pertinent part:
A. (1) A corporation may indemnify any person who was or is a party or is threatened to be made a party to any action, suit, or proceeding, whether civil, criminal, administrative, or investigative, ... by reason of the fact that he is or was a director [or] officer ... against expenses, including attorneys’ fees, ... if he acted in good faith and in a manner he reasonably believed to be in, or not opposed to, the best interests of the corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful.
[[Image here]]
B. To the extent that a director, officer, employee or agent of a corporation has been successful on the merits or otherwise in defense of any such action, suit or proceeding, or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys’ fees) actually and reasonably incurred by him in connection therewith.
Thus, this provision authorizes permissive indemnification of a director under Paragraph A(l) if the director acted in good faith and in a matter he believed to be in, or at least not opposed to, the corporation’s best interest, or regarding a criminal matter, if he had no reasonable cause to believe his conduct was unlawful. In addition, Paragraph B provides for mandatory indemnification of attorney’s fees and other expenses in instances where the director successfully defends himself in the proceedings in question.
In the present case, we find that the trial court erred in granting indemnification to Mr. Nolan. The record is devoid of any evidence of the essential elements which must be established for either permissive or mandatory indemnification under La.R.S. 12:83. While Mr. Nolan’s rule nisi does contain an assertion that he “has successfully defended himself and has been exonerated in both the civil and criminal litigation arising out of the collapse of the *16 Champion Insurance Company”, there is no evidence in the record to support this claim. Since Mr. Nolan did not sustain his burden of proof, the trial court erred in rendering judgment in his favor.
Even assuming arguendo that Mr. Nolan had established the requisites for indemnification, judgment against Champion would not have been appropriate under La.R.S. 22:746. This statute provides for the ranking of claims against an insurer in liquidation as follows:
The priorities of distribution of general assets from the insurer’s estate shall be as follows:
(1) Compensation actually owing to employees other than officers of an insurer, for services rendered within three months prior to the commencement of a proceeding against the insurer under this Part, but not exceeding twenty-five hundred dollars for such employee, shall be paid prior to the payment of any other debt or claim and in the discretion of the commissioner of insurance may be paid as soon as practicable after the proceeding has been commenced; except, that at all times the commissioner of insurance shall reserve such funds as will in his opinion be sufficient for the commissioner’s costs and expenses of administration. This priority shall be in lieu of any other similar priority which may be authorized by law as to wages or compensation of such employees.
(2) The commissioner’s costs and expenses of administration, and the claims handling expenses of the Insurance Guaranty Association and any similar organization in another state, as provided for in R.S. 22:1385(2).
(3) Claims by policyholders, beneficiaries, and insureds arising from and within the coverage of and not in excess of the applicable limits of insurance policies and insurance contracts issued by the insurer; and liability claims against insureds which claims are within the coverage of and not in excess of the applicable limits of insurance policies and insurance contracts issued by the insurer; and claims of the Insurance Guaranty Association and any similar organization in another state, as provided for in R.S. 22:1385(2) and R.S. 22:1379(3).
(4)All other claims.
Under this scheme, Mr. Nolan’s indemnification claim obviously can not be classified under priorities one through three and, thus, falls under category number four, consisting of “all other claims”. Since it is a priority four claim, reimbursement of Mr. Nolan’s attorney’s fees properly could be made only after all claims in the first three priorities had been satisfied. Any other result would have the effect of defeating the statutory priorities delineated by the Legislature. Accordingly, the trial court erred in allowing recovery to Mr. Nolan without determining that Champion’s general assets were sufficient to satisfy all claims which were of a higher priority than his indemnification claim.
For the reasons assigned, the judgment of the trial court is reversed and judgment is entered in favor of Frederick S. Ellis, Liquidator Ad Hoc, dismissing Ramon Nolan’s rule nisi. All costs of this appeal are to be paid by appellee, Ramon Nolan.
REVERSED.